IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| EMORY WAYNE SENECA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. TMD 12-1183 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Emory Wayne Seneca ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C.§§ 1381-83(c). Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 18) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 20). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

I. Procedural History

Plaintiff protectively filed his application for SSI on November 24, 2008 alleging disability since January 1, 2007 on the basis of manic depression, personality disorder, and seizures. R. at 19, 148, 153. His claim was denied initially and on reconsideration. R. at 55-57, 64-65. On August 19, 2010, a hearing was held before an administrative law judge ("ALJ") at

which Plaintiff and a vocational expert ("VE") testified. R. at 34-52. Claimant was represented by counsel. In a decision dated November 5, 2010, the ALJ denied Plaintiff's request for benefits. R. at 19-33. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-5.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claim for SSI using the sequential process set forth in 20 C.F.R. § 416.920. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since November 24, 2008, his application date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: depression, seizure disorder and borderline personality disorder. At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff had no past relevant work. At step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 19-33.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197,

229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

IV. Discussion

Plaintiff argues that (1) the ALJ erred in his treatment of the opinion of his treating physician; and (2) the hypothetical to the VE and RFC were legally improper.

A. Treating Physician Rule

Claimant contends that the ALJ did not support his decision to afford only "little weight" to the opinion of treating psychiatrist Dr. V. Handratta. Dr. Handratta completed a Medical Assessment of Ability to Do Work-Related Activities (Mental) on June 22, 2009 in which he opined that Claimant was generally unable or only had a "fair" ability to adjust to a job in the following areas: follow work rules, relate to co-workers, deal with the public, interact with supervisors, deal with work stressors, function independently, maintain attention and concentration and use judgment. R. at 353. He also assessed a poor to no ability to understand, remember and carry out (a) complex job instructions; (b) detailed but not complex work instructions; and (3) simple work instructions. R. at 354. In support of this assessment, Dr. Handratta indicated Claimant suffers from severe post traumatic stress disorder ("PTSD").

3

Finally, he indicated Claimant has poor to no ability to maintain his personal appearance, behave in an emotionally stable manner, and relate predictably in social situations and only a fair ability to demonstrate reliability. *Id.*

At the outset, the Court notes that this is not a case in which the ALJ ignored or simply mentioned in passing the opinion of the treating physician. To the contrary, after fairly summarizing his findings, the ALJ explained his reasoning to afford Dr. Handratta's opinion little weight as follows:

> The undersigned assigns little weight to Dr. Handratta's opinion as it is inconsistent with the medical record as a whole and the claimant's statements where he admits that he has never had any issues getting along with coworkers or supervisors. Dr. Handratta's opinion also does not reflect the extent of the claimant's improvement when he takes his medications as prescribed. In addition to being inconsistent with the record as a whole, Dr. Handratta's opinion is not accompanied by treatment notes that demonstrate the objective medical or diagnostic tests that he relied upon when formulating his opinion; therefore his opinion is assigned little weight.

R. at 31. Plaintiff contends that the ALJ's reasoning is legally insufficient as it does not address the § 404.1527 criteria. Those regulations require the Commissioner to give more weight to the opinions of treating sources, since they are "most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)(2011). First, the ALJ is required to give the opinion of the treating physician controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in your case record." *Id.* If the ALJ finds that the treating

4

physician's opinion is not entitled to controlling weight, the following factors must be applied to determine its proper weight: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion with relevant medical evidence; (4) its consistency with the record as a whole; and (5) whether it is the opinion of a specialist regarding his or her area of specialty. 20 C.F.R. §§ 404.1527(c)(2)-(6)416.927(c) (2)-(6) (2011). The Social Security Rulings[1] emphasize that even when a treating source is not entitled to controlling weight it is still entitled to deference and must be weighed using all of the factors. SSR 96–2P, 1996 WL 374188, at *4 (July 2, 1996). A formulaic recitation of the factors is not required so long as it is apparent that the ALJ was aware of and considered each one. *Hooks v. Astrue,* No. 11–423, 2012 WL 2873944, at *8 (D. Md. July 12, 2012); *see also Burch v. Apfel,* 9 F. App'x 255, 259–60 (4th Cir. 2001).

    While the ALJ did not engage in a "formulaic recitation of the factors", it is clear that his reasoning reflects them. Perhaps most significantly, as the ALJ noted, Dr. Handratta did not support his restrictive limitations by any objective medical evidence or findings but simply a blanket citation to PTSD. R. at 354. As the Commissioner points out, a mere diagnosis does not automatically equate to various work-related limitations. Plaintiff argues that the fact that that he was raped during his childhood and grew up in foster care should support Dr. Handratta's opinion. While the Court acknowledges such evidence, that also does not translate

---

[1] Although not required by statute, the Commissioner publishes the Social Security Rulings which are binding on all components of the Social Security Administration. They represent precedent, final opinions, and statements of policy which the Commissioner has adopted. 20 C.F.R. § 402.35(b)(1) (2012).

into automatic support for the limitations expressed by Dr. Handratta.

The Court also finds support for the ALJ's finding that Claimant's condition improved when compliant with his medications and that Dr. Handratta fails to recognize this evidence. R. at 28-29; *see e.g.*, R. at 321, 325, 431 (no evidence of seizures when compliant with medication; seizures increase when noncompliant). The Court also rejects Claimant's blanket assertion that the opinions of one time consultative examiner, Dr. Muller are "clearly supportive of disability." Pl.'s Mot. Summ., ECF No. 18 at 9. The ALJ gave those opinions "[l]ittle weight" as they were provided a month before Claimant's alleged onset date and were not based upon a fully developed record. R. at 29. The Court does not find that the ALJ erred in this respect. The Court finds the Commissioner's response to Plaintiff's argument persuasive:

> Dr. Muller's examination findings were inconsistent with the opinion he subsequently provided. Although Dr. Muller suggested that Mr. Seneca would have difficulty understanding, remembering, and following simple instructions (Tr. 234), his examination of Mr. Seneca revealed intact memory, intact concentration, and unpressured goal-directed thought process (Tr. 232). Similarly, although Dr. Muller opined that Mr. Seneca was not able to get along with others in the past—a fact contradicted by Mr. Seneca's own report (Tr. 333)—and would have difficulty communicating effectively (Tr. 234), his examination showed that Mr. Seneca was cooperative, open, easy to build rapport with, easy to understand, and coherent (Tr. 232). Dr. Muller's opinion appears to be based on Mr. Seneca's subjective complaints during the consultative examination; it disregards the contemporaneous mental examination findings that appear to specifically contradict the opinion. This inconsistency undermines the veracity of Dr. Muller's opinion. *See Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (noting that a medical opinion based on the claimant's subjective reports and unsupported by the opining physician's own notes was unpersuasive). Additionally, Dr. Williams, upon reviewing the evidence, opined that Dr. Muller's opinion was not fully consistent with the record as a whole, which indicated that Mr. Seneca was mentally capable of sustained work (Tr. 247). The ALJ specifically took notice of this inconsistency when relying, in part, on Dr. Williams's opinion (Tr.30). Accordingly, Dr. Muller's opinion was neither well-supported nor persuasive.

Def.'s Mot. Summ., ECF No. 20 at 21.  In sum, the Court agrees that Dr. Handratta's opinion is not supported by objective medical evidence and is inconsistent with other substantial evidence in the record.

      B.      <u>VE Hypothetical and RFC</u>

The ALJ found Claimant limited to a restricted range of work at all exertional levels but limited to simple, unskilled, routine work (among other limitations).[2] R. at 23, 29 .  Although somewhat confusing, Plaintiff appears to argue that this restriction does not present all of his mental limitations.  As discussed above, the ALJ did not err in his rejection of the more restrictive mental limitations found by Dr. Handratta.  Rather, the ALJ found that Claimant had moderate limitations in concentration, persistence or pace.  R. at 22.  He further found moderate limitations in social functioning.  *Id*.  The ALJ also limited Claimant's contact with the public to account for his mental impairments, seizure disorder and medication side effects.  R. at 29.  The ALJ noted Claimant had not seen a psychiatrist since 2004 and that he was not seeking any mental health treatment from a mental health professional or receiving mental health medications from a primary care physician or mental health professional.  R. at 29, 328.  He

---

[2] While Claimant cites to an RFC limiting him to simple routine tasks, the ALJ further limited him to unskilled work.  R. at 23, 29.  *See Ellingson v. Astrue*, No. BPG 11-3485, 2013 WL 183833, at *2 (D. Md. January 16, 2003) ("First, plaintiff's argument that the ALJ's analysis was inadequate appears to be based only on the bold-faced heading at the beginning of the RFC findings. (R. at 49.) The text of the ALJ's opinion, however, adequately addressed each aspect of plaintiff's RFC.") (internal citation omitted).

recognized Claimant's admission that he had not taken antidepressants or mood stabilizers during his lifetime. R. at 28, 328. Plaintiff does not dispute this evidence but simply cites to the case of *Ashley v. Astrue*, Civil Action No. PWG 10-1014, 2012 WL 5568799 (D. Md. November 14, 2012) in support of his argument. There, the Court found the limitation to simple, routine, unskilled work was insufficient. However, there the Court specifically found "the ALJ's RFC analysis did not include any of the required detailed findings." *Id*. at *2. Here, the ALJ engaged in a lengthy analysis of the Claimant's mental history and made specific findings regarding the state of his treatment, the failure to maintain any prescribed medication regimen, and fully summarized the findings of both treating physicians and the state agency physicians. The Court does finds the ALJ's RFC and supporting hypothetical to the VE to adequately reflect his findings regarding Claimant's mental limitations.

## V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.


Date: December 18, 2013     _____/s/_____
                            THOMAS M. DIGIROLAMO
                            United States Magistrate Judge